An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IRVIN RICHARD MCGARVA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62245

**FILED**

JUN 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's motion to modify his sentence. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant argues that the district court erred by denying his motion to modify his sentence because it based its sentencing decision on the erroneous assumption that he was a pedophile, contrary to expert opinion. "[A] motion to modify a sentence is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment." *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). A motion to modify a sentence that raises issues outside the very narrow scope of issues permissible may be summarily denied. *Id.* at 708 n.2, 918 P.2d at 325 n.2.

At sentencing, the district court heard testimony from Efraim Estrada, a licensed clinical social worker who opined that appellant was not a pedophile but should not be around children unsupervised, had a low-to-moderate risk to re-offend, and was amenable to treatment. The district court questioned the social worker extensively about his opinion and the basis for it and a written psychosexual evaluation/risk assessment produced by another licensed clinical social worker. That written report

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17417

was essentially consistent with Estrada's testimony. The district court was also presented with evidence that appellant's offenses involved several young victims and that he spent a significant period of time creating opportunities to have contact with the children to facilitate his crimes. And either through testimony or letters, the district court heard evidence detailing the devastating impact appellant's crimes had on the victims and their families. The district court disagreed with expert opinions that appellant was not a pedophile, and it is not bound by those opinions, *see Allen v. State*, 99 Nev. 485, 488, 665 P.2d 238, 240 (1983) (observing that "[e]xpert testimony is not binding on the trier of fact"). The district court expressly based its sentencing decision on Estrada's testimony, the written psychosexual evaluation/risk assessment, the statements of the victims and their family members, and appellant's statement and imposed a sentence it deemed appropriate—a term of 24 to 72 months in prison for each of three counts of possession of visual representation depicting sexual conduct of a person under 16 years of age and 36 to 240 months in prison for one count of attempted lewdness with a child under age 14, all counts to run consecutively. Considering the record as a whole, we conclude the district court did not err by denying his motion to modify the sentence. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Brent T. Adams, District Judge
       State Public Defender/Carson City
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A